IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RICHARD L. JACKSON, 11-01957 | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:12-298 |
| WARDEN WILLIAM SCHOPPE; *ET AL.*, | ) ) | Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

**II.  REPORT**

On March 12, 2012, Richard L. Jackson (Plaintiff), acting *pro se*, submitted a Motion for Leave to Proceed *In Forma Pauperis* accompanied by a Civil Rights Complaint. On April 19, 2012, the Court entered a service Order that required Plaintiff to immediately advise the Court of any change of address (ECF no. 9). Public records indicate that Plaintiff no longer is confined at the Beaver County Jail, his address of record. When the Court attempted to locate Petitioner through the inmate locator search of DOC records, no records were found.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute a court action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962);Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Moreover, a party's failure to comply

with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the Petitioner fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a Petitioner pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion), *cert. denied*, 488 U.S. 996 (1988).

In upholding the district court's dismissal of a *pro se* civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* at 109. In short, a *pro se* litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id.* at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se* party's failure to notify the Court of his change of address provides an adequate basis for dismissing an action for failure to prosecute. *See, e.g.,* Williams v. Cambridge Integrated

2

Services Group, 235 F. App'x 870, 873 (3d Cir. 2007) (upholding denial of Rule 60(b) motion where plaintiff, *inter alia*, failed to update his address of record in the District Court); Bey v. Pennsylvania County of Union 17th Dist. ex rel. Ritter, Civil No. 1:11-1154, 2011 WL 4344134 (M.D. Pa. Sept. 14, 2011) (dismissing action for failure to advise court of new address); Suncar v. Shermeyer, Civil No. 1:08-2201, 209 WL 1607343 (M.D. Pa. June 8, 2009); Smith v. Ruzzo, Civil No. 07-450, 2009 WL 349162, (D.N.J. Feb. 9, 2009) (denying Rule 60(b) motion to reopen case after closed for failure to prosecute based on plaintiff's failure to notify court of current address); Jimenez v. Rosenbaum-Cunningham, Inc., Civil No. 07-1066, 2009 WL 255630 (E.D. Pa. Jan. 30, 2009) Hayes v. New Jersey, Civil No. 05-2716, 2006 WL 2135826 (D.N.J. July 28, 2006) (holding that inmate's argument that he was transferred did not alleviate his obligation to notify the court of any change in address and to prosecute his action in a timely manner); Durah v. Rustin, Civil No. 05-1709, 2006 WL 2924788 (W.D. Pa. Oct. 10, 2006).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1)  extent of the party's personal responsibility;

(2)  prejudice to the adversary;

(3)  a history of dilatoriness;

(4)  whether the conduct of the party or the attorney was willful or in bad faith;

(5)  effectiveness of sanctions other than dismissal; and

(6)  meritoriousness of the claim or defense.

3

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Petitioner's failure to prosecute.

First, in consideration of the Petitioner's responsibility, the court notes that the Petitioner is proceeding *pro se*. Thus, Petitioner is solely responsible for his failure to respond.

Secondly, in this case, Respondents have not yet been required to respond to date and, accordingly, have not suffered specific prejudice other than that caused by general delay. Thirdly, Petitioner has not made any effort to move this case forward. This is sufficient evidence, in the Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely fashion. Fourthly, Petitioner's failure to respond is willful. The responsibility for his failure to update the Court as to his current address is Petitioner's alone. Accordingly, the court can infer that this failure is willful. Fifthly, there are no alternative sanctions which would adequately punish the Petitioner; imposing a monetary sanction would not be effective as he appears to be impecunious and the Court is unaware of his current location. Finally, it does not appear that the Petition has set forth any grounds upon which relief may be granted.

At least five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Petitioner's failure to prosecute it.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

Cynthia Reed Eddy
U.S. Magistrate Judge

Richard L. Jackson
11-01957
Beaver County Jail
6000 Woodlawn Boulevard
Aliquippa, PA 15001